IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| LUIS ORLANDO HERNANDEZ AGUILERA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-2891 (LMB/LRV) |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

ORDER

On September 1, 2026, petitioner Luis Orlando Hernandez Aguilera ("Hernandez Aguilera" or "petitioner"), a native and citizen of El Salvador and a lawful permanent resident of the United States since 1994, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 alleging that he has been unlawfully detained in violation of the Immigration and Nationality Act (Count I) and his due process rights (Count II). [Dkt. No. 1].

Hernandez Aguilera is currently detained at the Caroline Detention Center, which is within the Eastern District of Virginia and the basis upon which he is suing the warden of the Caroline Detention Center. Hernandez Aguilera has also sued David Venturella, the Acting Director of ICE; Markwayne Mullin, the Department of Homeland Security ("DHS") Secretary; Todd Blanche, the Attorney General; and the Director of the Washington Field Office of ICE Enforcement and Removal Operations (collectively, "the federal respondents"). For the reasons discussed in this Order, the Court finds that Hernandez Aguilera is unlawful. Accordingly, his Petition will be granted, and the federal respondents will be ordered to release him from custody immediately.

I.

According to his petition, Hernandez Aguilera was admitted to the United States as a lawful permanent residence in 1994, id. at ¶ 28, after a Form I-130, Petition for Alien Relative submitted on petitioner's behalf by his father was approved by DHS in 1992, [Dkt. No. 1-3] at 2.[1] Despite his lawful permanent resident status, Hernandez Aguilera was detained by Immigration and Customs Enforcement ("ICE") officers on May 19, 2026, "when they mistakenly deemed him to be in the United States without proper authorization." Id. at ¶ 2. ICE subsequently placed him in removal proceedings, charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as a "noncitizen present in the United States without being admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General." Id. On July 23, 2026, Hernandez Aguilera appeared before the Annandale Immigration Court and provided documentary evidence showing that he was admitted as a lawful permanent resident. Id. at ¶ 29. He denied all allegations and the sole charge of removability under § 1182(a)(6)(A)(i) and moved to terminate removal proceedings. Id.

That same day, an immigration judge granted Hernandez Aguilera's motion to terminate without prejudice, stating:

> Respondent and his family insist that he received a green card previously and lost it. The I-213 and DHS concede that there was an I-130 approved in 1992 for him submitted by his father. Respondent should have an A# related to that petition that would be different than the one assigned him in 2026 when he was placed in removal proceedings. The Court is convinced from the record evidence that Respondent was previously admitted to the United States even though the DHS currently cannot see that he adjusted status and received a green card.

[1] Hernandez Aguilar has an A-number associated with the Form I-130 petition that is different than the one assigned to him in May 2026, when he was placed in removal proceedings by ICE. [Dkt. No. 1-3]. He has filed a Freedom of Information Act ("FOIA") request which is pending before U.S. Citizenship and Immigration Services ("USCIS") to obtain his original A-number. [Dkt. No. 1] at 6 n.1.

[Dkt. No. 1-3]. Although DHS reserved its right to appeal the Immigration Judge's July 23, 2026 decision, it failed to file a timely appeal, which was due on August 24, 2026. Id.; [Dkt. No. 1] at ¶ 30.

Based on this record, the Court finds—without need for additional briefing from the federal respondents—that there was no legal basis to arrest Hernandez Aguilar, and that his detention is unlawful. Accordingly, Hernandez Aguilar's Petition, [Dkt. No. 1], is GRANTED; and it is hereby

ORDERED that the federal respondents **immediately** release Hernandez Aguilar from custody with all his personal property; and it is further

ORDERED that the federal respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Hernandez Aguilar unless they have clear and convincing evidence that he is not lawfully in the United States.

The Clerk is directed to enter judgment in Hernandez Aguilar's favor pursuant to Federal Rule of Civil Procedure 58, forward a copy of this Order to counsel of record and to Dennis Barghaan, Chief of the Civil Division of the U.S. Attorney's Office for the Eastern District of Virginia, and close this civil action.

Entered this 3rd day of September, 2026.

Alexandria, Virginia

/s/ LMB

Leonie M. Brinkema
United States District Judge